IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ERIC WATKINS,

    Petitioner,

vs.

CIVIL ACTION NO.: CV210-004

ANTHONY HAYNES, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Eric Watkins ("Watkins"), who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss Watkins' petition, and Watkins responded. Watkins alleges that his due process rights during a disciplinary hearing were violated: 1) when he was not timely served with an incident report, 2) when he was unable to introduce video footage into evidence at his disciplinary hearing, 3) when the Discipline Hearing Officer ("DHO") failed to expunge the charge against Watkins for threatening a staff member, and 4) when the DHO failed to consider two grounds of Watkins's written defense. Respondent alleges that Watkins's petition is moot as he has been released from custody. For the reasons which follow, the petition should be **DISMISSED**.

## DISCUSSION AND CITATION TO AUTHORITY

Watkins asserts that his due process rights were violated during a prison disciplinary proceeding in which he was found guilty of violating Code 203 (threatening staff), and Code 312 (insolence towards a staff member). (Doc. No. 1, p. 3). As a result of this proceeding, Watkins good time credit was reduced by forty-one days. Watkins asserts that this Court should declare that his due process rights were violated and order that the incident report be expunged.

Under Article III, Section 2 of the Constitution, jurisdiction of the federal courts to entertain a petition for habeas corpus requires a live case or controversy, meaning that, throughout the litigation, the petitioner must have "suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. (citing Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). "A case is moot when the issues presented are no longer 'live' or the parties lack legal cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation." Saladin v. Milledgeville, 812 F. 2d 687, 693 (11th Cir. 1987).

The Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* creates a procedural remedy by granting parties a judicial declaration of their rights under federal law. The Declaratory Judgment Act, however, does not create a separate cause of action; subject matter jurisdiction must still exist. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240 (1937) ("The operation of the Declaratory Judgment Act is

procedural only."); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) ("Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction. When concerned as we are with the power of the inferior federal courts to entertain litigation within the restricted area to which the Constitution and Acts of Congress confine them, 'jurisdiction' means the kinds of issues which give right of entrance to federal courts. Jurisdiction in this sense was not altered by the Declaratory Judgment Act."). Therefore, a petitioner seeking a declaratory judgment must assert a substantive federal claim prior to obtaining relief.

As Watkins has been released from custody, this Court could not provide him any relief with a favorable decision, and his petition is moot. The incident report no longer affects his custody classification, and this Court lacks subject matter jurisdiction to entertain his request for declaratory relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 30th day of August, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)